IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGELIO HERNANDEZ-ALVAREZ, | ) | CASE NO. 4:12CV2451 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| UNITED STATES OF AMERICA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Plaintiff Rogelio Hernandez-Alvarez ("Plaintiff") is an inmate at the Giles Correctional Facility in Post, Texas.  Plaintiff previously was housed at the Federal Correctional Institute in Elkton, Ohio ("FCI Elkton").  Plaintiff brought this tort action against the United States of America ("United States") and John Does 1-100 ("Doe Defendants") alleging negligent or wrongful mishandling of the funds in his prisoner commissary account at FCI Elkton and seeking recovery of funds he alleges were improperly withheld from him at the time of his discharge from that facility.  ECF Doc. 1.

The case is now before the undersigned for a Report and Recommendation on the Motion to Dismiss ("Motion") filed on April 9, 2013, by the United States pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  ECF Doc. 10.  Plaintiff has not opposed the Motion.  *See* Docket.  As explained more fully below, the Court lacks subject matter jurisdiction over Plaintiff's claim against the United States because the United States has not waived sovereign immunity with respect to that claim.  Accordingly, the United States' Motion to Dismiss should be **GRANTED** and Plaintiff's claim against the United States should be dismissed with prejudice.  In addition, Plaintiff's claims against the Doe Defendants should be

---

[1] On October 1, 2012, this case was referred to the undersigned Magistrate Judge for general pretrial supervision, including the preparation of reports and recommendations on dispositive motions.  *See* ECF Docket Entry dated 10/01/2012.

dismissed without prejudice because Plaintiff has failed to identify those Defendants and to perfect service upon them within the 120-day time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

## I. Facts

**A.    Background**

Plaintiff currently is incarcerated at the Giles Correctional Facility in Post, Texas, after being convicted of Attempted Entry after Deportation under 8 U.S.C. § 1326. ECF Doc. 10, Exhibit 10-2, Declaration of Vanessa Herbin-Smith ("Smith Dec."); ECF Doc. 10, Exhibit 10-3, Inmate Data. Previously, at the time of the events giving rise to this claim, Plaintiff was incarcerated at FCI Elkton after being convicted of two counts of Illegal Entry. *Id.*

Plaintiff was released from FCI Elkton into the custody of the Bureau of Customs Enforcement ("ICE") on January 9, 2006.[2] Smith Dec.; ECF Doc. 10, Exhibits 10-3 and 10-5, Inmate History; ECF Doc. 10, Exhibit 10-7, Declaration of Victor D. Considine ("Considine Dec."); ECF Doc. 10, Exhibit 10-8, Release and Gratuity Information. Plaintiff claims that, at the time of his release, the prison staff did not turn over to him all of the funds contained in his inmate commissary account. ECF Doc. 1, p. 3. Specifically, Plaintiff alleges that the prison staff withheld approximately $400.00 of his total account balance of approximately $1,400.00. *Id.*

On March 13, 2012, Plaintiff submitted an Administrative Tort Claim with the Bureau of Prisons ("BOP") Central Office in Washington, D.C. Smith Dec.; ECF Doc. 10, Doc #: 10-4, Administrative Tort Claim No. TRT-NER-2012-03175. The claim was transferred to the BOP Northeast Regional Office for processing. *Id.* In his claim, Plaintiff alleged that prison

---

[2] There appears to be some confusion as to when Plaintiff was released from FCI Elkton. In his Complaint, Plaintiff states that he was released on January 10, 2009. ECF Doc. 1, p. 3. However, the United States asserts that Plaintiff was released from FCI Elkton on January 9, 2006. ECF Doc. 10, p. 14; ECF Doc. 10, Exhibit 10-8, Release and Gratuity Information. For purposes of the Motion, it is immaterial whether Plaintiff was released from FCI Elkton in 2006 or 2009.

regulations prohibited staff from providing prisoners with more than $1,000.00 upon release from prison.  *Id.*  He alleged that he was told to provide a mailing address within the United States and that the balance of his inmate account would be forwarded to him at that address.  *Id.*  Plaintiff further alleged that he did not provide a forwarding address and, as a result, he lost the $400.00.  *Id.*  Plaintiff requested $400.00 in damages as relief.  *Id.*

In a letter dated September 12, 2012, the BOP Northeast Regional Office denied Plaintiff's Administrative Tort Claim.  *Id.* at 3.  The BOP explained that its investigation showed that Plaintiff was given $1,335.91 upon his release from FCI Elkton on January 9, 2006, which represented all of the funds in his prisoner account.  *Id.*  The BOP also noted that, upon receipt of the $1,335.91 in cash, Plaintiff signed a Personal Funds and Cash Gratuities Voucher, which acknowledged that he received $1,335.91.  *Id.*  The BOP concluded that there was no evidence to suggest that Plaintiff suffered a compensable loss as a result of the negligence of a BOP employee.  *Id.*  The BOP advised Plaintiff that he could bring a civil action against the United States in an appropriate United States District Court within six months of the date of the letter if he was dissatisfied with the decision of the BOP.  *Id.*

## II. Standard of Review

### A.    Rule 12(b)(1)

In cases where a defendant raises the issue of lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  "A court lacking jurisdiction cannot render judgment but must dismiss the case at any stage of the proceedings in

which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir.1974); *see also Kusens v. Pascal Co.*, 448 F.3d 349, 359 (6th Cir. 2006).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 914 (N.D. Ohio 2008). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *See Ritchie*, 15 F.3d at 598; *Moir*, 895 F.2d at 269; *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).

**B.     Rule 12(b)(6)**

Fed.R.Civ.P. 12(b)(6) is employed to test the legal sufficiency of a claim and dismissal is appropriate where the pleading itself makes it clear that no relief may be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly* ). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations of a pleading must be sufficient to raise a right to relief above the speculative level. *Id.* at  555. The

Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Id.*  "Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65.

In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.  *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 924–25 (N.D. Ohio 2009).

### III.  Law & Analysis

A.      **Sovereign Immunity Bars Plaintiff's Claim against the United States**

Plaintiff alleges that the BOP negligently or wrongfully mishandled his inmate account funds, resulting in an alleged $400.00 loss.  As set forth by Defendant in its Motion to Dismiss, Plaintiff's claim against the United States is barred by sovereign immunity.

The "doctrine of sovereign immunity removes subject matter jurisdiction in lawsuits against the United States unless the government has consented to suit." *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).  Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)).  Thus, unless the United States expressly waives sovereign immunity, courts have no subject matter jurisdiction over the action.  *Meyer*, 510 U.S. at 475.  In

5

addition, there can be no consent by implication; a waiver must be express and unequivocal. *Franconia Assocs. v. United States*, 536 U.S. 129, 141 (2002); *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 20 (1926) (Congress alone has the power to waive or qualify the sovereign immunity of the United States).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the sovereign immunity of the United States with respect to tort claims. 28 U.S.C. § 1346(b); *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002). This waiver applies to claims that are: "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The FTCA does not create a cause of action against the United States; it merely constitutes consent to be sued to the extent that state law would impose liability on a "private individual in similar circumstances." *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994).

However, even when the United States has waived immunity, "limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman*, 453 U.S. at 161 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). The FTCA provides exemptions from the sovereign immunity waiver for specific categories of claims. 28 U.S.C. § 2680 (c) – (n). One exempt category, found in 28 U.S.C. § 2680(c), states that § 1346(b) shall not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty or the detention of any goods, merchandise,

6

or other property by any officer of customs or excise or any other law enforcement officer…." 28 U.S.C. § 2680(c).³

In *Ali v. Fed. Bureau of Prisons*, the U.S. Supreme Court held that the exemption in 28 U.S.C. § 2680(c) applies to employees of the BOP because they qualify as "any other law enforcement officer" as set forth in the statute. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 218 (2008). The Plaintiff in *Ali*, a federal inmate, alleged that employees of the prison system negligently or wrongfully lost some of Plaintiff's personal items during the transfer process. *Id.* at 216. He argued that the exemption in § 2680(c) did not apply to his claim because employees of the BOP were not included in the term "any other law enforcement officer." *Id.* at 217. The Court rejected that argument and held that employees of the BOP qualify as "other law enforcement officers" under § 2680(c). *Id.* at 220. As a result, the Court affirmed the dismissal of Plaintiff's complaint on grounds of lack of subject matter jurisdiction. *Id.* at 222-223.

Additionally, the U.S. Supreme Court, in *Kosak v. United* States, held that the word "detention" in § 2680(c) includes claims that result from "negligent handling or storage of detained property." *Kosak v. United States*, 465 U.S. 848, 854 (1984). This is commonly referred to as the "detention of goods exemption" of the FTCA. *See id.*; *See* also *Sash v. United States*, No. 1:CV081553, 2009 WL 3731737 (M.D.PA. Nov. 6, 2009).

---

³ 28 U.S.C. § 2680(c) provides, in relevant part:
(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--
    (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
    (2) the interest of the claimant was not forfeited;
    (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
    (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

In this case, Plaintiff contends that employees of the BOP negligently or wrongfully lost some of the money in his commissary account.  As set forth in *Ali*, the exemption under § 2680(c) applies because Plaintiff's claim results from the "detention" of his property by "other law enforcement officers" under the meaning of 28 U.S.C. 2680(c).  As such, the United States has immunity with regard to Plaintiff's tort claim.

This case is analogous to *Espinoza v. Zenk*, No.10-0427, 2013 WL 1232208 (E.D.N.Y., Mar. 27, 2013).  In *Espinoza*, the plaintiff, who was temporarily held in BOP custody, alleged that the BOP lost money in his account after a check was issued against his account, a transaction Plaintiff claimed was unauthorized.  *Id.* at *2.  While held in BOP custody, plaintiff earned or received funds from family members, which were held in an account that was also under the control of the BOP.  *Id.* at *1.  Eventually, plaintiff was transferred to another facility.  *Id.* at *1.  After his transfer, plaintiff discovered that the balance of his account was zero and alleged that a check was sent to him at an address at which he had never lived.  *Id.* at *1.  The court, citing *Ali*, granted the government's motion to dismiss based on lack of subject matter jurisdiction and found that the detention exemption applies when goods are held in law enforcement custody.  *Id.* at *6.

Section 2680 and *Ali* have been cited by other district courts within the Sixth Circuit in dismissing FTCA claims brought by prisoners seeking compensatory damages regarding loss of personal property detained by BOP employees.  *See*, e.g., *Alford v. Sadowski*, No. 4:10CV25432, 2011 WL 665444, at *1 (N.D. Ohio Feb. 15, 2011), *Smith v. United States*, No. 6:09CV314GFVT, 2010 WL 307942, at *4 (E.D. Ky. Jan. 27, 2010); *Jones v. United States*, No. 09CV164ART, 2009 WL 2602693, at *3 (E.D. Ky. Aug. 24, 2009).  For example, in *Sash*, a federal prisoner alleged that BOP employees overcharged his account, and the court held, in line

with *Ali*, that it lacked subject matter jurisdiction over the lawsuit.  *Sash v. United States*, No. 1:CV081553, 2009 WL 3731737 (M.D.PA. Nov. 6, 2009).  The court explained that the funds held in the inmate's account fell within the detention of goods exception to the sovereign immunity waiver under 2680(c).  *Id.* at *1.

In sum, Plaintiff's money was detained by BOP employees in relation to his incarceration and therefore falls within the sovereign immunity exception of 28 U.S.C. 2680(c).  Plaintiff's claim is therefore barred by sovereign immunity and the Court lacks jurisdiction over the claim.  Accordingly, the court should dismiss with prejudice Plaintiff's claim against the United States.

**B.      Plaintiff's Claims against John Does 1-100 Should Be Dismissed**

In his complaint, Plaintiff also asserts *Bivens*-type claims against John Does 1-100.[4]  However, Plaintiff has failed to amend his complaint to identify any of the individual Defendants and has failed to perfect service upon said Defendants within 120 days after the complaint was filed, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 10(a) requires a plaintiff to "name all the parties" in the Complaint.  Fed.R.Civ.P. 10(a).  Although the naming of pseudonymous defendants is permissible where a plaintiff requires discovery to learn the true identities of the defendants, the plaintiff subsequently must amend the complaint to reflect the discovered identities and effect service on the named parties within the 120–day time period set forth in Rule 4(m).  *See Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir.2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to amend his complaint to substitute the true names of his John Does and failed to serve them within the 120–day time period); Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on

---

[4] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the U.S. Supreme Court held that a victim of a constitutional violation by a federal official has a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.

motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Plaintiff has not identified any of the Doe Defendants and has failed to perfect service on them within 120 days from the date on which he filed the Complaint. In addition, Plaintiff has failed to respond to Defendant's motion to dismiss and it appears that he has abandoned this case. Because Plaintiff has failed to identify any of the unnamed Doe Defendants and has failed to serve any of the Doe Defendants within the 120-day time period set forth in Rule 4(m), Plaintiff's claims against the Doe Defendants should be dismissed without prejudice.

### V. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT** the Motion to Dismiss filed by Defendant United States. ECF Doc. 10. Plaintiff's claim against the United States should be dismissed with prejudice because the United States has not waived sovereign immunity with regard to that claim and, as a result, the Court lacks subject matter jurisdiction over it. Plaintiff's remaining claims against the unnamed John Doe Defendants 1-100 should be dismissed without prejudice for failure to perfect service of process within the 120-day time period set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

Dated: June 3, 2013

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).